**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John McDaniel, Employee, Appellant,

v.

Career Employment Professional D/B/A Snelling Staffing, Employer, and United Wisconsin Insurance Co., Carrier, Respondents.

Appellate Case No. 2014-000186

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-327
Submitted May 1, 2016 – Filed June 22, 2016

**REVERSED AND REMANDED**

John McDaniel, of Charleston, pro se.

R. Mark Davis, Helen Faith Hiser, and Allison Cauthen Nussbaum, all of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:** John McDaniel—an employee at Career Employment Professional d/b/a Snelling Staffing (Snelling Staffing), a temporary staffing agency—injured his left foot while working at his work placement site, Alside Revere. He filed a workers' compensation claim against Snelling Staffing and

United Wisconsin Insurance Company (collectively, Respondents).  McDaniel appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's (Appellate Panel) order.  We reverse and remand.[1]

We find McDaniel's due process rights were violated because he was not afforded the minimum thirty days' notice before the Appellate Panel review hearing as is mandated in regulation 67-704 of the South Carolina Code of Regulations (2012). *See Jones v. S.C. Dep't of Health & Envtl. Control*, 384 S.C. 295, 316, 682 S.E.2d 282, 294 (Ct. App. 2009) ("Due process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses." (quoting *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 69, 663 S.E.2d 497, 504 (Ct. App. 2008))); S.C. Code Ann. Regs. 67-704(A) (instructing the Appellate Panel to serve the parties "a Form 31, Notice of Review, *at least* thirty days before the date of review hearing" and include on the notice: "the date, place, time, purpose of the review hearing, and the filing date for the appellant's brief" (emphasis added)).  McDaniel was first notified on March 29, 2013, of the review hearing set for April 16, 2013.  This Appellate Panel review hearing was stayed while the single commissioner held a remand hearing.  On October 1, 2013, after the single commissioner issued an order after the remand hearing, the workers' compensation commission sent notice of the Appellate Panel review hearing set for October 14, 2013.  McDaniel thus received only fourteen days' notice.  Because McDaniel was not afforded the minimum thirty days' notice, the Appellate Panel's December 19, 2013 order is reversed.  This case is remanded to the Appellate Panel for McDaniel to be provided with the required thirty days' notice and his review hearing.[2]

**REVERSED AND REMANDED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Because reversing and remanding this issue is dispositive of the case, we need not reach McDaniel's remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when the determinition of a prior issue is dispositive of the appeal).